11th Court of Appeals
Eastland, Texas
Opinion
 
Ricky Carl Dotson
            Appellant
Vs.                  No. 11-03-00013-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            The jury convicted Ricky Carl Dotson of the offense of aggravated sexual assault of a child
under the age of 14. The jury assessed punishment at confinement for 35 years and a $10,000 fine. 
We affirm. 
            Appellant presents five points of error on appeal. In the first point, he contends that the trial
court erred by limiting appellant’s cross-examination of the outcry witness, Cathy Bambeck. 
Bambeck is the victim’s mother. Appellant was the victim’s stepfather. At the time of the offense,
Bambeck and appellant were married. However, by the time the victim made the outcry, appellant
and Bambeck had divorced. 
            The record shows that the trial court prohibited appellant from delving too deeply into the
issue of Bambeck’s prior mental health. The trial court did not allow appellant to question Bambeck
about being institutionalized two years prior to her marriage or about retrieving her medical records
from a hospital. 
            The trial court did, however, allow appellant to question Bambeck regarding her mental
status during the time of the marriage and the relationship between appellant and Bambeck. 
Bambeck admitted suffering from depression and being treated for mental problems. Statements
made by Bambeck were introduced into evidence to show Bambeck’s bias against appellant. In a
telling six-page letter that was admitted into evidence, Bambeck made extremely derogatory remarks
about appellant and wrote things like: 
Maybe you will learn it while your (sic) on your little vacation away from
society....Cause I will fight tooth and nail to make you help raise this kid [the
victim’s half-sister] or I’ll see to it that you’ll spend your little dysfunctional f----d
up ass in prison. They do that now for parents who don’t pay child support. And you
can bet your sweet ass I’ll do everything in my power to see that you get what you
deserve you sorry motherf----r. Now, you wanna play hardball, Let the games begin!! 
 
Bambeck wrote this letter to appellant in 1997, long before the victim’s outcry. 
            A trial court maintains broad discretion in imposing reasonable limits on cross-examination
to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection
of cumulative or collateral evidence. Lopez v. State, 18 S.W.3d 220, 222 (Tex.Cr.App.2000). The
probative value of the evidence that appellant was precluded from introducing was minimal when
compared to its relevance and the risk of its admission. See Lopez v. State, supra. Consequently,
the trial court did not abuse its discretion in prohibiting further cross-examination of Bambeck on
the issue of her prior mental condition. We hold that the trial court did not violate appellant’s
constitutional right to confront and cross-examine the witnesses against him. The first point of error
is overruled. 
            In his second point, appellant urges that the trial court erred in limiting appellant’s testimony
concerning Bambeck’s bias. The excluded testimony would have shown that Bambeck stated to
appellant that she knew “how to play the game” because she had “been there” too. According to
appellant, Bambeck was referring to the fact that she had been incarcerated in the past and that she
knew how to get appellant locked up. 
            The record shows that the trial court sustained the State’s objection only “as to the part about
her being in prison” or serving time. The trial court expressly stated that appellant could testify
about the threats that Bambeck made. Appellant then testified that Bambeck made the following
threat to him: “I’ll see you in prison for the rest of your life.” 
            The trial court did not abuse its discretion by prohibiting appellant from referring to Bambeck
having been in prison. The credibility of a witness may be impeached with evidence of a felony
conviction or a conviction involving a crime of moral turpitude “if elicited from the witness or
established by public record.” TEX.R.EVID. 609. In this case, appellant did not attempt to elicit
such evidence from Bambeck or by public record. Moreover, there is nothing in the record to
indicate when or why Bambeck was incarcerated or whether she was even convicted of any crime. 
Appellant’s second point of error is overruled. 
            In his third point, appellant contends that the trial court erred in prohibiting him from
introducing evidence of specific acts of misconduct committed by Bambeck. During the testimony
of appellant’s friend and appellant’s mother, appellant attempted to show that Bambeck had put
sugar in the gas tanks of their vehicles. 
            The trial court did not abuse its discretion in prohibiting such evidence. Pursuant to
TEX.R.EVID. 608(b), specific instances of conduct on the part of a witness “may not be inquired
into on cross-examination of the witness nor proved by extrinsic evidence.” Furthermore, the bias
and animosity exhibited by Bambeck against appellant was established by other evidence. 
Appellant’s third point of error is overruled. 
            In the fourth point, appellant argues that the trial court erred in failing to grant a mistrial
when the State made an improper jury argument at the guilt/innocence phase of trial. The record in
this case shows that the prosecutor made the following closing argument: 
The second reason he should be found guilty is himself. He’s not to be
believed, ladies and gentlemen. He is not to be believed. He lied to you. He lied to
this Court when he said, “Not guilty.” 

The trial court sustained appellant’s objection and instructed the jury not to consider the prosecutor’s
statement “for any purpose whatsoever.” Appellant then moved for a mistrial. 
            There are four categories of proper jury argument: (1) summation of the evidence, (2)
reasonable deductions from the evidence, (3) answers to the arguments of opposing counsel, and (4)
pleas for law enforcement. Cantu v. State, 842 S.W.2d 667, 690 (Tex.Cr.App.1992), cert. den’d, 509
U.S. 926 (1993). An instruction to disregard will generally cure the error created by an improper jury
argument. Guidry v. State, 9 S.W.3d 133, 154 (Tex.Cr.App.1999), cert. den’d, 531 U.S. 837 (2000). 
The prosecutor’s remarks in this case were not so extreme as to render ineffective the trial court’s
instruction to disregard. See Gardner v. State, 730 S.W.2d 675, 698 (Tex.Cr.App.), cert. den’d, 484
U.S. 905 (1987). Accordingly, we hold that the trial court’s instruction to disregard cured any error. 
Appellant’s fourth point of error is overruled. 
            In his final point of error, appellant contends that the trial court erred by allowing Cindy
Alexander, a social worker and therapist, to testify as an expert regarding delayed outcries by sexual
assault victims. Specifically, appellant contends that Alexander’s testimony did not meet the criteria
for scientific reliability under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993),
and Kelly v. State, 824 S.W.2d 568 (Tex.Cr.App.1992). See TEX.R.EVID. 702; Jordan v. State, 928
S.W.2d 550 (Tex.Cr.App.1996). 
            The record shows that Alexander was called as a witness to testify on the topic of “delayed
outcry” in child sexual abuse cases. In a Daubert hearing, Alexander established that she was the
clinical director at the Dallas Children’s Advocacy Center, that she had treated about 800 children,
that she was experienced in the relevant field, that she had read many studies with respect to child
abuse, and that she was a licensed social worker and clinical practitioner. Based upon the literature
and her experience, Alexander asserted that delayed outcries by child victims of sexual abuse were
common. The trial court overruled appellant’s Daubert objection and allowed Alexander to testify
before the jury. During direct examination by the prosecutor, Alexander testified about her
qualifications and about the phenomenon of delayed outcry in general. 
            Appellant also complains under this point of error that Alexander was permitted to testify
regarding the percentage of children who falsely allege that they have been sexually abused. This
issue was not addressed in the Daubert hearing. On redirect, Alexander was allowed to testify over
appellant’s general objection that the percentage of children making false allegations of sexual abuse
was about two to eight percent. 
            We hold that the trial court did not abuse its discretion in permitting Alexander to testify as
an expert under Rule 702. Alexander was qualified by her experience and her education to testify as
an expert. Furthermore, Alexander’s testimony regarding delayed outcries was specialized knowledge
that was helpful to the jury in understanding the delay by the victim in this case in reporting the sexual
abuse. See Rule 702; Perez v. State, 113 S.W.3d 819 (Tex.App. - Austin 2003, pet’n ref’d); Edwards
v. State, 107 S.W.3d 107 (Tex.App. - Texarkana 2003, pet’n ref’d). 
            Next, with respect to the testimony regarding the percentage of false reports, we note that
witnesses may not testify as to the veracity of a particular class of persons. Yount v. State, 872
S.W.2d 706, 708-11 (Tex.Cr.App.1993); Wilson v. State, 90 S.W.3d 391 (Tex.App. - Dallas 2002,
no pet’n). In Wilson, the court found that it was error under Rule 702 to allow the same witness,
Alexander, to testify similarly that only two to eight percent of such allegations were false. The
Wilson court then determined that the error was harmless in that case. 
            Unlike the facts in Wilson, however, the record in this case reveals that appellant lodged only
a general objection to this particular testimony and that appellant opened the door to this line of
questioning by inquiring about a parent implanting such falsehoods into a child’s mind. See Feldman
v. State, 71 S.W.3d 738, 755-56 (Tex.Cr.App.2002)(defense may open the door to otherwise
inadmissible evidence); Long v. State, 800 S.W.2d 545, 548 (Tex.Cr.App.1990)(general objection
preserves nothing for review). During cross-examination, appellant had asked questions about a
parent affecting a child’s “sense of reality” and implanting ideas into a child’s mind. Alexander
agreed that that was a possibility. The testimony regarding the frequency of false allegations was
presented thereafter on redirect by the State. Defense counsel merely stated: “To which we object,
Your Honor.” We hold that appellant’s general objection preserved nothing for review under
TEX.R.APP.P. 33.1(a)(1) and that appellant opened the door to the otherwise inadmissible testimony
by Alexander. Appellant’s fifth point of error is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE 
 
May 13, 2004 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.